**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **REBA KIRKLEY, as Administratrix of the Estate of Allen Hayes,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.  2:09-CV-1295-SLB** |
| **vs.** | ) | |
| | ) | |
| **TYSON  FOODS,  INC.;  RICKY WALKER; MIKE GRIFFINO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendants' Objections to Report and Recommendation.  (Docs. 25-27.)  Defendants removed this case based on plaintiff's rejection of their Offer of Judgment of $76,000.  The Report and Recommendation of the Magistrate Judge held the rejection of defendants' Offer of Judgment did not support removal.  Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendants' Objections are due to be overruled and that this matter is due to be remanded.

This case was filed by the plaintiff, Reba Kirkley, against the defendants – Tyson Foods, Ricky Walker, and Mike Graffino – on June 26, 2008.  (Doc. 1-1 at 2.)  Defendants filed their Notice of Removal a year later on June 26, 2009.  (Doc. 1 at 1.)  Defendants based their Removal, on the basis of diversity jurisdiction.  (Doc. 1.)  On July 9, 2009, the plaintiff filed a motion to remand.  (Doc. 6.)  On October 20, 2009, the magistrate recommended that

the motion be granted on the ground that the requisite amount in controversy under 28

U.S.C.§ 1332 had not been satisfied.  (Doc. 24.)

The Report and Recommendation found:

> The defendants did not remove this matter within 30 days after service upon it of the complaint.  However, on June 11, 2009, Tyson Foods served on the plaintiff an offer of judgment in the amount of $76,000.  The offer, by its terms, expired within 10 days of the date of service.  The plaintiff did not respond to the offer.  It is this document, and the lack of a response, which the defendants contend constitute "other paper" within the meaning of the statute.  Within 30 days of the expiration of the offer of judgment, the case was removed.

(Doc. 24 at 3.)

Defendants filed timely Objections to the Report and Recommendation.  (Docs. 25-

27.)  They contend, "Defendants object because Plaintiff's rejection of the $76,000 offer of

judgment unambiguously establishes that the amount in controversy in this case exceeds

$75,000."  (Doc. 25 at 1; *see also* docs. 26 and 27.)  However, in their Objections defendants

also argue that the supplemental response to an interrogatory, served on June 17, 2009, is

"the 'other paper' from which [they] could first . . . ascertain[ ] that the case [was]

removable."  (*Id*. at 4 n.5.)  Also, they ask the court to consider whether the case was

removable based on the plaintiff's Complaint.  (*See id*. at 5 ["The Court should consider and

follow the recent decision from the Middle District of Alabama of <u>Roe v. Michelin North

America, Inc.</u>, which found it 'readily deducible' and 'clear' from the factual allegations of

a wrongful death complaint that the jurisdictional amount was established]; *see generally id*.

at 5-13.)

2

Section 1446(b) requires the Notice of Removal be filed "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). However, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."[1] (*Id*.)

Defendants removed this case a year after it was filed. If, as defendants contend, "the case stated by the initial pleading" was removable, (*see* doc. 25 at 5-13), their Notice of Removal, filed more than 30 days later, was untimely. 28 U.S.C. § 1446(b).

Defendants' Objections, based on their claim that the case was removable based on the Complaint, will be overruled.

Defendants contend that this case is removable based on plaintiff's supplemental discovery response and her rejection of their Offer of Judgment, which constitute "other paper" under 28 U.S.C. § 1446(b). Since defendants' filed their Objections, the Eleventh Circuit has held:

> As we have already pointed out, *Lowery* [*v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007)] is a second paragraph [of 28 U.S.C. § 1446(b)] case. . . . Its "receipt from the plaintiff" rule is based on the second paragraph

---

[1]Defendants also argue that this case is removable based on the allegations in the Complaint. The court need not consider this argument because, if the case was removable at the time it was filed, defendants' removal one year later is untimely.

3

of § 1446(b), and that rule applies if "the case stated by the initial pleading is ***not*** removable" but the case "has become removable" due to changed circumstances. *See* 28 U.S.C. § 1446(b)(second paragraph) (emphasis added). Under the second paragraph of § 1446(b), the defendant's receipt of a document indicating that the case "has become removable" opens a new 30-day window for removal. *Id*. (referring to "other paper from which it may first be ascertained that the case is one which is or has become removable"). The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one. *See Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988)(explaining the judicially created "voluntary--involuntary" rule that applies in diversity cases); *see also Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). Thus, a defendant cannot show that a previously non-removable case "has become removable" as a result of a document created by the defendant. *See* 28 U.S.C. § 1446(b) (second paragraph).

Our predecessor court explained in *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961), that an initially non-removable case "cannot be ***converted*** into a removable one ***by evidence of the defendant*** or by an order of the court." *Id*. at 254 (quotation marks and citation omitted) (emphasis added). That "receipt from the plaintiff" rule plainly does not limit the type of evidence a defendant may use to establish that the plaintiff's complaint already is removable – without any "conversion." *See also Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)("[The] 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)(holding that an affidavit executed by the defendant's attorney did not commence the renewed removal period, under the second paragraph of § 1446(b), because the affidavit did not arise from a voluntary act by the plaintiff).

*Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760-61 (11th Cir. 2010)(emphasis in original; footnotes omitted).

The *Pretka* decision has been relied upon by the Southern District of Alabama to find that the rejection by operation of law of an Offer of Judgment for more than $75,000, is not

an "other paper" that makes a previously unremovable case now removable under the second

sentence of § 1446(b).[2]  *See Humphries v. Anderson Trucking Service, Inc.*, Civil Action No.

---

[2]The court stated:

> Defendants argue that, despite her silence on the matter, the expiration of the time to respond to the Offer of Judgment constituted "other paper" which was "from the plaintiff" and "triggered removability."  Defendants' Opposition Brief (Doc. 14) at 15-20.  Defendants' argument fails on several grounds.  First, Rule 68 of the Alabama Rules of Civil Procedure specifically provides that "an offer not accepted shall be deemed ***withdrawn*** and evidence thereof is not admissible except in a proceeding to determine costs . . . ."  Withdrawal of an offer is entirely different from the "refusal" with which defendants seek to bind the plaintiff.  Nor have the defendants argued or offered any authority for the proposition that this court need not give effect to the provision of Rule 68 that "evidence [of the plaintiff's failure to accept the offer of judgment] is ***not admissible*** except in a proceeding to determine cost."
>
> Second, there clearly may be a number of reasons why a plaintiff might allow the 10-day period for accepting an offer of judgment to lapse.  Any assumption that the 10-day period lapsed solely because the plaintiff rejects the notion that her claim is worth less than $75,000.00 is pure speculation.
>
> Finally, as the Eleventh Circuit recently emphasized:
>
>> Under the second paragraph of § 1446(b), the defendant's receipt of a document indicating that the case "has become removable" opens a new 30-day window for removal.  *Id*. (referring to "other paper from which it may first be ascertained that the case is one which is or has become removable").  The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one.  *See Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988) (explaining the judicially created "voluntary-involuntary" rule that applies in diversity cases); [footnote omitted] *see also Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967).  Thus, ***a defendant cannot show that a previously non-removable case "has become removable" as a result of a***

10-00194-CG-N, 2010 WL 2898317, 4-5 (S.D. Ala. June 29, 2010), *adopting Report and Recommendation*, 2010 WL 2884863 (S.D. Ala. July 14, 2010); *see also Burrowes v. Swift Transp. Co., Inc.*, Civil Action No. 10-00138-CG-N, 2010 WL 2976102, 6-7 (S.D. Ala. June 29, 2010)(also noting "Any assumption that the 10-day period lapsed solely because the plaintiff rejects the notion that her claim is worth less than $75,000.00 is pure speculation."), *adopting Report and Recommendation*, 2010 WL 2978408 (S.D. Ala. July 23, 2010).  This court agrees.

Based on the rationale set forth in *Humphries* and *Burrowes*, defendants Objection to the Report and Recommendation, that the rejection of their Offer of Judgment was an "other paper" under § 1446(b), is due to be overruled.

Also, defendants contend, in a footnote, that "removal was timely under 28 U.S.C. § 1446" based on Plaintiff's Responses to Defendant Tyson Foods, Inc.'s First Interrogatories. (Doc. 25 at 4 n. 5 [citing "doc. 1-9;" Plaintiff's Responses are found in the court's record at

---

> *document created by the defendant*.  See 28 U.S.C. § 1446(b)
> (second paragraph).

> *Pretka*, [608 F.3d at 760-61 (emphasis added)].  The Offer of Judgment relied upon by the defendants in the instant case was created by the defendants and not the plaintiff.  Accordingly, the failure of plaintiff to respond to the Offer of Judgment, and as a result, its expiration by operation of law, does not make this case removable.

*Humphries v. Anderson Trucking Service, Inc.*, Case No. 10-00194-CG-N, 2010 WL 2898317, 4-5 (S.D. Ala. June 29, 2010)(emphasis in original), *adopting Report and Recommendation*, 2010 WL 2884863 (S.D. Ala. July 14, 2010).

doc. 1-8 at 2-4].)   In her Complaint, plaintiff alleges that Griffino and Walker had

"responsibilities within their line and scope of employment with Tyson" to ensure the safety

of the decedent and to create, to implement and to enforce safety policies and procedures.

(Doc. 1-1 [Complaint] ¶¶10-13.)  She alleges that defendants failure to perform caused the

decedent's death.  (*See id*. ¶¶14, 22, 27.)  In their Notice of Removal, plaintiff refers to the

supplemental response as support for their assertion that Walker and Griffino were

fraudulently joined.  Plaintiff states that defendants failed to write, to implement, and/or to

enforce polices and procedures that would have prevented plaintiff's decedent's death.[3]  (*Id*.)

---

[3]Plaintiff's supplemental response states:

17.  Plaintiff objects to this interrogatory on the basis that it is overly broad and
vague.  Without waiving said objections, se Plaintiff's Complaint.  In addition,
Plaintiff states the following:

a.  Defendants Tyson Foods, Inc., Ricky Walker and Mike Graffino
failed to implement the proper safety procedures and protocols for the
area where Mr. Hayes was struck by a Tyson tractor.  Defendants failed
to have radio communication between the operators of the yard tractors
and others working in the vicinity, such as security personnel like Mr.
Hayes.  Defendants failed to have established traffic flow patters in the
area where Mr. Hayes was struck.  Defendants failed to have designated
walkways in the area where Mr. Hayes was struck.  Defendants failed
to have prohibited walk zones in the area where Mr Hayes was struck.

b.  Defendants Tyson Foods, Inc., Ricky Walker and Mike Graffino
failed to implement these very same safety procedures as outlined
above for the subject marshalling yard, even though these very same
Defendants used thee very same procedures in another marshalling yard
at the same Tyson plant.

c.  Defendants Tyson Foods, Inc., Ricky Walker and Mike Graffino

The supplemental response does not provide defendants with information, not available in Complaint, to show that the case is removable.  (*See* doc. 1 at 4-9.)

Moreover, the court notes that, even assuming fraudulent joinder of Walker and Griffino, the supplemental response does not mention damages.  The sole support for defendants' argument that the amount in controversy has been met is the unaccepted Offer of Judgment discussed above.   The supplemental response is not a "paper" that "unambiguously establish[es]" the required jurisdictional amount in controversy. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 and n.63 (11th Cir. 2007).

Therefore, the court will overrule defendants' Objections based on their contention

---

> failed to enforce a policy, as outlines by Gary Crenshaw, which required that dry trailers be maintained on one side of the subject marshalling yard and refrigerated trailers be maintained on the opposite side of the subject marshalling yard.  At the time of the subject collision, the operator of the subject yard tractor was looking [at] a trailer that had been placed in the wrong location.
>
> d.  Defendants Tyson Foods, Inc., Ricky Walker and Mike Graffino failed to have any written policies in place for the operation of a commercial yard truck in the subject marshalling yard.
>
> e.  Defendants Tyson Foods, Inc., Ricky Walker and Mike Graffino failed to implement Tyson policies used at other facilities relating to marshalling yards and the operation of yard tractors.
>
> f.  Defendants Tyson Foods, Inc., Ricky Walker and Mike Graffino failed to provide training to Gary Crenshaw as to the safe operation of a commercial yard tractor.

(Doc. 1-8 at 2-3.)

that the supplemental response was an "other paper" under § 1446(b).

<strong><u>CONCLUSION</u></strong>

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, defendants' Objections thereto, and Magistrate Judge's Order Referring Motion, the court is of the opinion that the Magistrate Judge's Report is due to be and is hereby **ADOPTED** and his Recommendation is **ACCEPTED**. An Order granting plaintiff's Motion to Remand, (doc. 6), and remanding this case to the Circuit Court of Blount County, Alabama, will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 30th day of March, 2011.


SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE